**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50357 |
| Plaintiff-Appellee, | D.C. No. 5:18-cr-00333-JGB-1 |
| v. | |
| MARTIN NAVARRETE-CARRILLO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted April 15, 2021**
Pasadena, California

Before: PAEZ and VANDYKE, Circuit Judges, and GLEASON,*** District Judge.

Martin Navarrete-Carrillo appeals the district court's imposition of a 48-month sentence. As the parties are familiar with the facts, we do not recount them

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Navarrete first contends that the district court erred by applying a ten-level sentencing enhancement pursuant to U.S.S.G. § 2L1.2(b)(3)(A) when, he asserts, there was not clear and convincing evidence of the date of the criminal conduct underlying his Idaho state conviction. Because this issue was unpreserved, we review for plain error. *United States v. Jackson*, 697 F.3d 1141, 1144 (9th Cir. 2012) (per curiam); *United States v. Jordan*, 256 F.3d 922, 926 (9th Cir. 2001).

The clear and convincing standard of proof applied to the date of the criminal conduct. The ten-level enhancement had an extremely disproportionate effect on the sentence because it nearly tripled the applicable Guidelines range. *See United States v. Valle*, 940 F.3d 473, 479–80 (9th Cir. 2019). It is unclear what standard of proof the district court applied to the fact underlying the ten-level enhancement, but a defendant "is not entitled to reversal, however, simply because the district court should have applied the clear and convincing standard." *United States v. Gonzalez*, 492 F.3d 1031, 1040 (9th Cir. 2007). A defendant must show that on the record before the district court the "*enhancement[] could not have been proved by clear and convincing evidence.*" *Id.* (emphasis in original) (quoting *Jordan*, 256 F.3d at 930).

Here, clear and convincing evidence of the date of the Idaho criminal conduct was presented to the district court. The Idaho judgment stated that the criminal

2

conduct occurred on or about March 23, 2001. There was no evidence before the district court that the conduct occurred on any other date and, at his change of plea in his federal case, Navarrete agreed that the government could prove beyond a reasonable doubt that he sustained the Idaho conviction.[1] Because the outcome here would not be altered had the district court expressly applied the clear and convincing standard, the district court did not commit plain error when it applied the enhancement.

Navarrete next asserts that the district court erred when it did not grant his two requested downward departures. "A district court's refusal to grant a downward departure is discretionary and free from appellate review." *United States v. Romero*, 293 F.3d 1120, 1126 (9th Cir. 2002) (citing *United States v. Duran-Orozco*, 192 F.3d 1277, 1283 (9th Cir. 1999)). Instead, a district court's decisions not to depart downward are considered in the overall context of the reasonableness of the sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Navarrete maintains that his 48-month sentence was substantively unreasonable. "Because a Guidelines sentence will usually be reasonable, [a] below-Guidelines sentence, supported by the district court's specific reasoning, is reasonable." *United States v. Bendtzen*, 542 F.3d 722, 729 (9th Cir. 2008) (internal

---

[1] The government's motion at Docket 23 for judicial notice of Idaho state court documents is denied.

quotation marks and citation omitted). Navarrete's 48-month sentence falls below the Guidelines range of 57 to 71 months, and the district court sufficiently explained its consideration of the 18 U.S.C. § 3553(a) factors and its reasons for imposing the sentence. Considering the totality of the circumstances and giving due deference to the district court, *see United States v. Jenkins*, 633 F.3d 788, 809 (9th Cir. 2011), Navarrete's 48-month sentence was substantively reasonable.

**AFFIRMED.**